**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Michael Troutman

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TROUTMAN,<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC; AND, THE MANDARICH LAW GROUP, LLP,<br><br>Defendants. | Case No.: '13CV0025 JM   NLS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

**COMPLAINT FOR DAMAGES**                                                     PAGE 1 OF 8

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. MICHAEL TROUTMAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC (individually as "CACH" or collectively as "Defendants"); and, the MANDARICH LAW GROUP, LLP (individually as "Mandarich" or collectively as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Escondido, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant CACH is a company operating from the City of San Diego, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant Mandarich is a company operating from the City of Woodland Hills, State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

20. In or about 2007, Plaintiff allegedly incurred financial obligations for the financing of a Kawaski Motorcycle to the original creditor, HSBC Bank Nevada, N.A. ("HSBC"), that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

21. Sometime prior to September 7, 2011, Plaintiff fell behind on Plaintiff's payments to HSBC and the motorcycle was repossessed.

///

///

22. Thereafter, HSBC failed to comply with Rees-Levering Motor Vehicle and Sales and Finance Act ("Rees-Levering") in allowing Plaintiff the right to re-instate and/or the additional provisions required by *California Civil Code §§ 2983.2*; and, *2983.5*.

23. Thus, any deficiency allegedly arising from the purchase and repossession of Plaintiff's Kawasaki motorcycle was not recoverable due to HSBC's, and any subsequent party in interest's, failure to comply with Rees-Levering.

24. Subsequently, the alleged deficiency balance and approximately $800 in separate credit card charges, was allegedly assigned, placed, or otherwise transferred, to Defendants for collection.

25. Thereafter, but before September 7, 2011, Defendant CACH, a debt collector pursuant to the FDCPA, retained Defendant, Mandarich, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

26. Pursuant to the instructions of Defendant CACH, Defendant Mandarich initiated a lawsuit against Plaintiff entitled *CACH, LLC v. Michael Troutman, an individual; and, DOES 1 through 10 inclusive* ("the State Action") on September 7, 2011 in an attempt to collect the deficiency balance in the Superior Court of California, County of San Diego, court case no.: 37-2011-00058243 claiming an amount falsely owed, which included approximately $8,000 in a deficiency judgment.

27. Plaintiff Answered Defendants' Complaint by filing a general denial that included the Rees-Levering affirmative defense on October 13, 2011.

28. Plaintiff's Rees-Levering affirmative defense informed Defendants that Defendants were unable to collect the deficiency arising from HSBC's sale of Plaintiff's motorcycle.

///

///

29. Regardless, Defendants continually and falsely asserted that Defendants were owed $8,015.31 by Plaintiff throughout the pendency of the State Action, including in discovery and at the September 10, 2012 trial.

30. However, Judge Thomas P. Nugent of the San Diego Superior Court awarded Defendants merely $895.44 for the separate credit card charges after taking the matter under submission following the September 10, 2012 trial. This amount did not include the alleged deficiency balance sought by Defendants.

31. In support of this decision, Judge Nugent stated that "[a]ny deficiency allegedly arising from the purchase and repossession of a Kawasaki motorcycle is not recoverable as a result of the failure of [Defendants], or [their] predecessor, to comply with the provisions of the Rees-Levering Motor Vehicle and Sales and Finance Act."

32. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of an amount nearly ten times the amount of Plaintiff's alleged debt.

33. Through this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of Plaintiff's alleged debt.

34. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect monies not owed by Plaintiff.

35. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means in attempting to collect an alleged debt not owed by Plaintiff.

36. Through this conduct, Defendants violated 15 U.S.C. § 1692f(1) through the collection of an amount that was not expressly authorized by the agreement creating the alleged debt nor permitted by law.

///

///

37. Therefore, Defendants took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendants violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; and, 1692f(1).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendants individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,

- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 3, 2013                                  Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF